UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO.:

Elvis H. Briseno,
Sebastian Garzon,
and other similarly situated individuals,

      Plaintiffs,

v.

La Nopalera Beach Blvd., Inc.
a/k/a La Nopalera Mexican Restaurant
and Lorena Valencia, individually,

      Defendants,

_____/

**COLLECTIVE ACTION COMPLAINT**
(OPT-IN PURSUANT TO 29 USC § 216(b))

COME NOW the Plaintiffs Elvis H. Briceno and Sebastian Garzon, by and through the undersigned counsel, and hereby sue Defendants La Nopalera Beach Blvd., Inc., a/k/a La Nopalera Mexican Restaurant, and Lorena Valencia, individually, and alleges:

1. This is an action to recover money damages for unpaid minimum and overtime wages, and retaliation under the United States laws. Accordingly, this Court has jurisdiction pursuant to Title 28 U.S.C. § 1337 and by Title 29

U.S.C. § 201-219, § 216(b), the Fair Labor Standards Act, "the Act," (Section 216 for jurisdictional placement).

2.  Plaintiffs Elvis H. Briceno and Sebastian Garzon are residents of Duval County, within the jurisdiction of this Honorable Court. Plaintiffs are covered employees for purposes of the Act.

3.  Defendants La Nopalera Beach Blvd., Inc., a/k/a La Nopalera Mexican Restaurant is a Florida corporation that operates in Jacksonville, within the jurisdiction of this Court.  At all times, Defendant was and is engaged in interstate commerce.

4.  Defendant La Nopalera Beach Blvd., Inc., a/k/a La Nopalera Mexican Restaurant, hereinafter, will be called La Nopalera, or Defendant. La Nopalera is the employer of Plaintiffs and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

5.  Individual Defendant Lorena Valencia is the owner/partner/officer and manager of Defendant Corporation La Nopalera. This individual Defendant is the employer of Plaintiffs and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

6. All the actions raised in this Complaint took place in Duval County, Florida, within the jurisdiction of this Court.

## Factual Allegations

7. This cause of action is brought by Plaintiffs as a collective action to recover from Defendants minimum wages, overtime compensation, retaliatory damages, liquidated damages, costs, and reasonable attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiffs, and all other current and former employees similarly situated to Plaintiffs ("the asserted class") who worked in excess of forty (40) hours during one or more weeks on or after November 2019 (the "material time") without being compensated minimum overtime wages pursuant to the FLSA.

8. Defendant La Nopalera is a Mexican restaurant located at 14333 Beach Blvd. Jacksonville, Florida 32250, where Plaintiffs worked.

9. Defendant La Nopalera was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is a Mexican restaurant. Defendant had more than two employees recurrently engaged in commerce or the production of goods for commerce. Defendant uses the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources by using electronic

devices to authorize credit card transactions. Upon information and belief, the annual gross revenue of the Employer/Defendant was always more than $500,000 per annum. Therefore, there is FLSA enterprise coverage.

10. Plaintiffs and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiffs and those similarly situated through their daily activities regularly participated in interstate commerce by handling credit card transactions. In addition, Plaintiffs regularly handled and worked on goods and materials produced for commerce and moved across State lines at any time during the business. Therefore, there is FLSA individual coverage.

11. Defendants La Nopalera and Lorena Valencia employed Plaintiffs Elvis H. Briceno and Sebastian Garzon as non-exempted, full-time, hourly waiters.

12. Defendants La Nopalera and Lorena Valencia employed Plaintiff Elvis H. Briceno from September 23, 2020, to July 28, 2021, or 44 weeks.

13. Defendants La Nopalera and Lorena Valencia employed Plaintiff Sebastian Garzon from November 04, 2019, through August 10, 2021, or 92 weeks.

14. During their relevant time of employment, Plaintiffs Elvis H. Briceno and Sebastian Garzon worked different schedules with a different number of hours, but both Plaintiffs were paid with the same unfair payment method.

15. **A.- Claim of Plaintiff Elvis H. Briceno.-** Plaintiff was a tipped waiter, who was not paid the mandatory minimum cash wages for tipped employees. Plaintiff was paid at the rate of $2.00 an hour, which was below the required minimum wages for tipped employees.

16. Plaintiff  Elvis H. Briceno worked for Defendants as a waiter 44 weeks. Plaintiff also had other general restaurant work responsibilities.

17. While employed by Defendants Plaintiff worked 6 days per week. Usually, Plaintiff had Mondays off, but he worked on Tuesdays, Wednesday, and Thursday, from 10:45 AM to 11:00 PM (12.15 hours each day). On Fridays and Saturdays Plaintiff worked from 10:45 AM to 12:00 AM (13.15 hours each day), and on Sundays Plaintiff worked from 10:45 AM to 10:00 PM (11.15 hours). Thus,  Plaintiff worked a total of 74 hours weekly.  Plaintiff did not take bonafide lunchtime periods.

18. Plaintiff worked more than 40 hours every week. However, he did not receive any compensation for overtime hours.

19. Plaintiff was paid $80.00 per week, corresponding to his wages for 40 regular hours. The remaining hours were not paid at any rate, not even the required minimum wage rate for tipped employees. Plaintiff earned an average of $850.00 in tips.

20. Every day Plaintiff was required to perform at least 1 hour of non-tippable activities, which were non-incidental to his work as a waiter, and that should be compensated at the full minimum wage rate.

21. Moreover, without informed consent, Defendants deducted from Plaintiff's tips 3.5% to cover the salary of another restaurant employee.

22. Plaintiff was in complete disagreement with the lack of payment of minimum wages and overtime hours, and he was forced to leave his employment on or about July 28, 2021.

23. **B.- Claim of Plaintiff Sebastian Garzon.-** Plaintiff  Sebastian Garzon worked for Defendants as a waiter.  Plaintiff also had other general restaurant work responsibilities.

24. During the relevant time of employment, Plaintiff was a tipped waiter, who was not paid the mandatory minimum cash wages for tipped employees. Plaintiff was paid at the rate of $2.00 an hour, which was below the required minimum wages for tipped employees.

25. Plaintiff had 2 periods of employment with Defendants, but he always kept his position as waiter.  While employed by Defendants, Plaintiff worked 6 days per week, 70 and 61 hours weekly.  However, he did not receive any compensation for overtime hours.

26. Plaintiff worked for Defendants as follows:

27. <u>1.- First Period from approx. November 04, 2019, to approx. December 31, 2020, or 60 weeks</u>. - Plaintiff had Thursdays off, but he worked Monday, Tuesdays, and Wednesdays from 11:00 AM to 10:00 PM (11 hours each day); on Fridays and Saturdays, Plaintiff worked from 11:00 AM to 12:00 PM (13 hours each day); and on Sundays, Plaintiff worked from 11:00 AM to 10:00 PM (11 hours). Thus, Plaintiff completed a total of 70 working hours weekly. Plaintiff did not take bonafide lunchtime hours.

28. Plaintiff was paid $2.00 an hour, or $80.00 weekly as cash wage payment plus an average of $800.00 in tips.

29. In addition, in this period Plaintiff worked 2 Sundays per month, a minimum of 2 hours each Sunday, or a total of 30 Sundays with 60 working hours, performing non-tippable kitchen deep cleaning. Plaintiff did not receive any compensation for this work. Furthermore, every day Plaintiff was required to perform at least 1 hour of non-tippable activities, which were non-incidental to his work as a waiter, and that should be compensated at the full minimum wage rate.

30. <u>2.- Second Period from approx. January 01, 2021, to approx. August 10, 2021, or 32 weeks. -</u> Plaintiff had Thursdays off, but he worked Monday, Tuesdays Wednesdays, and Fridays from 2:00 PM to 11:00 PM (9 hours each day); on Saturdays Plaintiff worked from 10:00 AM to 11:00 PM (13 hours each day);

and on Sundays, Plaintiff worked from 10:00 AM to 10:00 PM (12 hours). Plaintiff completed a total of 61 working hours weekly. Plaintiff did not take bonafide lunchtime. Plaintiff was paid $2.00 an hour, or $80.00 weekly as cash wage payment plus an average of $800.00 in tips.

31. In this period, Plaintiff continued working 2 Sundays per month a minimum of 2 hours each Sunday, or a total of 14 Sundays with 28 working hours, performing non-tippable kitchen deep cleaning. Plaintiff did not receive any compensation for this work. Furthermore, every day Plaintiff was required to perform at least 1 hour of non-tippable activities which were non-incidental to his work as a waiter. These hours should be compensated at the full minimum wage rate.

32. Plaintiff Sebastian Garzon was not in agreement with the lack of payment of minimum wages and overtime hours, and he complained several times to the owner of the business Lorena Valencia.

33. As a result of Plaintiff's complaints, he was unfairly terminated on or about August 10, 2021.

34. Therefore, during their employment with Defendants, Plaintiffs Elvis H. Briceno and Sebastian Garzon were not paid the minimum wage rate for tipped employees, and they were not paid for overtime hours at any rate, not even at the minimum wage rate for tipped employees.

35. Moreover, Plaintiffs worked as waiters, and they received customarily and regularly tips. However, the business owner, Lorena Valencia, did not inform Plaintiffs and other similarly situated employees about the requirements of a valid tip pooling agreement, and deducted from Plaintiffs' tips 3.5% to cover the salary of one employee (the "chipero") who did not receive wages and tips. As a result, Defendants unlawfully collected and retained tips made by the tipped employees, including Plaintiffs and other similarly situated individuals.

36. Defendants did not establish a valid tip pooling agreement and wrongfully retained Plaintiffs' tips.

37. Consequently, Defendants are not entitled to the "tip credit" allowed by law, and Plaintiffs are entitled to receive the full minimum wage, and to be reimbursed the amount of tips unlawfully retained by Defendants.

38. During their entire period of employment with Defendants, Plaintiffs worked more than 40 hours weekly, but Defendants did not compensate them, minimum wages, and overtime hours adequately.

39. Every week Plaintiffs were paid without any paystub or record showing the number of days and hours worked, job classification, wage rate, tips received, employment taxes withheld, etc.

40. Plaintiffs did not clock in and out, but they filled out a timesheet, and the Defendants could track the hours worked by Plaintiffs and other similarly situated individuals.

41. Therefore, Defendants willfully failed to pay Plaintiffs minimum wages and overtime hours at the rate of time and one-half their regular rate for every hour they worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1). and 29 U.S.C. § 201 et seq.

42. Plaintiffs Elvis H. Briceno and Sebastian Garzon seek to recover minimum wages, overtime hours, retaliatory damages, liquidated damages, as well as any other relief as allowable by law.

43. Plaintiffs Elvis H. Briceno and Sebastian Garzon have retained the law offices of the undersigned attorney to represent them individually and on behalf of the asserted class in this action and are obligated to pay reasonable attorneys' fees and costs.

<u>Collective Action Allegations</u>

44. Plaintiffs bring this action pursuant to the Fair Labor Standards Act, 29 USC §§201, *et seq.* ("the Act"). Section 216 (b) for jurisdictional placement).

45. Plaintiffs contend that Defendants, in this case, violated the Fair Labor Standards Act by failing to pay Plaintiffs and other similarly situated

individuals the proper compensation for every regular hour and also overtime hours at the rate of time and one-half their regular rate.

46. This action is intended to include every waiter, restaurant employee, and any similarly situated individuals who worked for Defendants at any time during the past three (3) years.

**COUNT I:**
**WAGE AND HOUR FEDERAL STATUTORY VIOLATION;**
**FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS**

47. Plaintiffs Elvis H. Briceno Sebastian Garzon re-adopt every factual allegation as stated in paragraphs 1-46 above as if set out in full herein.

48. This action is brought by Plaintiffs Elvis H. Briceno, Sebastian Garzon and those similarly-situated, to recover from the Employers unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

49. Defendants La Nopalera and Lorena Valencia employed Plaintiff Elvis H. Briceno as a non-exempted, full-time, hourly waiter, from approximately September 23, 2020, through July 28, 2021, or 44 weeks.

50. Defendants La Nopalera and Lorena Valencia employed Plaintiff Sebastian Garzon as a non-exempted, full-time, hourly waiter, from approximately November 04, 2019, through August 10, 2021, or 92 weeks.

51. Plaintiffs had a regular schedule, and they worked 6 days per week.

52. Plaintiff Elvis H. Briceno worked for 44 weeks, an average of 74 hours weekly.

53. Plaintiff Sebastian Garzon worked 2 periods with 70 and 61 hours weekly.

54. During their employment with Defendants, Plaintiffs were tipped employees earning $2.00 an hour plus tips. Plaintiffs were paid as wages $80.00 per week, corresponding to 40 regular hours. The remaining hours were not paid at any rate, not even the required minimum wage rate for tipped employees.

55. In addition to his regular hours, Plaintiff Sebastian Garzon worked 2 Sundays per month a minimum of 2 hours each Sunday, or a total of 44 Sundays with 88 working hours, performing non-tippable kitchen deep cleaning. Plaintiff did not receive any compensation for this work. These hours constitute more unpaid overtime hours.

56. Thus, during their entire employment with Defendants, Plaintiffs worked more than 40 hours weekly, but Defendants did not compensate them, for overtime hours as required by law.

57. Plaintiffs did not clock in and out, but they filled out a timesheet, and the Defendants could track the hours worked by Plaintiff and other similarly situated individuals.

58. Therefore, Defendants willfully failed to pay Plaintiffs overtime hours at the rate of time and one-half their regular rate for every hour that they worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1). and 29 U.S.C. § 201 et seq.

59. Every week Plaintiffs were paid without any paystub or record showing the number of days and hours worked, job classification, wage rate, tips received, employment taxes withheld, etc.

60. The records, if any, concerning the number of hours worked by Plaintiffs and all other employees and the compensation paid to such employees should be in the possession and custody of Defendants. However, Defendants did not maintain accurate and complete time records of hours worked by Plaintiffs and other employees in the asserted class upon information and belief. Accordingly, Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

61. Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments. Accordingly, Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

62. Plaintiffs are not in possession of time and payment records. Still, before the completion of discovery, they will provide a good faith estimate of unpaid overtime wages based on their best knowledge. Later, Plaintiffs will adjust his statement of claim according to discovery.

63.            **A.- Overtime Claim of Plaintiff Elvis H. Briceno**

*Florida's minimum wage is higher than the federal minimum wage. Therefore, as per FLSA regulations, the higher minimum wage applies.

    a. <u>Total amount of alleged unpaid O/T wages</u>:

      Fourteen Thousand Eight Hundred Thirty-Three Dollars and 52/100 ($14,833.52)

    b. <u>Calculation of such wages</u>:

      Total weeks of employment:  44 weeks
      Total relevant number of weeks: 44 weeks
      Total number of hours worked: 74 hours
      Total number of unpaid O/T hours: 34 O/T hours
      Rate Paid: $2.00 an hour

    i. Unpaid Overtime 2020 – 14 weeks

      Fl min. wage $8.56 x 1.5=$12.84 O/T rate - $3.02 O/T credit=$9.82

O/T rate $9.82 x 34 O/T hrs.=$333.88 weekly x 14 weeks=$4,674.32

    ii.    Unpaid Overtime 2021 – 30 weeks

Fl min. wage $8.65 x 1.5=$12.98 O/T rate - $3.02 O/T credit=$9.96

O/T rate $9.96 x 34 O/T hrs.=$338.64 wkly x 30 weeks=$10,159.20

Total i, and ii: $14,833.52

64.          **B.- Overtime claim of Plaintiff Sebastian Garzon**

*Florida's minimum wage is higher than the federal minimum wage. Therefore, as per FLSA regulations, the higher minimum wage applies.

    a.   Total amount of alleged unpaid O/T wages:

Twenty-Five Thousand Four Hundred Sixty-Six Dollars and 96/100 ($25,466.96)

    b.   Calculation of such wages:

Total weeks of employment:  92 weeks
Total relevant number of weeks: 92 weeks
Total number of hours worked: 70 hours
Total number of unpaid O/T hours: 30 O/T hours
 Rate Paid: $2.00 an hour

**1.- First Period O/T from November 04, 2019, to December 31, 2020, or 60 weeks**

    i.    O/T 2019- 8 weeks with 70 working hours weekly
 Fl min. wage $8.46 x 1.5=$12.69 O/T rate - $3.02 O/T credit=$9.67 O/T hourly rate

O/T rate $9.67 x 30 O/T hrs.=$290.10 weekly x 8 weeks=$2,320.80

    ii.    O/T 2020 – 52 weeks with 70 working hours

Fl min. wage $8.56 x 1.5=$12.84 O/T rate-$3.02 O/T credit=$9.82
O/T $9.82 x 30 O/T hrs.=$294.60 weekly x 52 weeks=$15,319.20

    iii.    O/T for 30 Sundays with 60 overtime hours

Fl min. wage $8.56 x 1.5=$12.84 O/T rate
O/T rate $12.84 x 60 O/T hrs.=$770.40

**2.- Second Period O/T from January 01, 2021, to August 10, 2021, or 32 weeks**
Total relevant weeks: 32 weeks
Total number of working hours: 61 hours weekly
Total number of unpaid O/T hours: 21 O/T hours weekly
Rate Paid: $2.00 an hour

    i.    O/T for 32 weeks with 61 hours weekly

Fl min. wage $8.65 x 1.5=$12.98 O/T rate-$3.02 O/T credit=$9.96
O/T rate $9.96 x 21 O/T hrs.=$209.16 weekly x 32 weeks=$6,693.12

    ii.    O/T for 14 Sundays with 28 overtime hours

Fl min. wage $8.65 x 1.5=$12.98 O/T rate
O/T rate $12.98 x 28 O/T hrs.=$363.44

Total Periods # 1 and # 2: $25,466.96

  c.  <u>Nature of wages (e.g., overtime or straight time):</u>

This amount represents unpaid overtime wages.

65. At all times material hereto, the Employers/Defendants failed to comply

with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in

that Plaintiffs and those similarly situated performed services and worked

more than the maximum hours provided by the Act. Still, the Defendants made no provision to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

66. At times mentioned, individual Defendant Lorena Valencia was the owner/partner, and she directed operations of La Nopalera. Defendant Lorena Valencia was the employer of Plaintiffs and others similarly situated individuals within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, this individual Defendant acted directly in the interests of La Nopalera concerning its employees, including Plaintiffs and others similarly situated. Defendant Lorena Valencia had financial and operational control of the business, provided Plaintiffs with their work schedule, and she is jointly and severally liable for Plaintiffs' damages.

67. Defendants knew and showed a reckless disregard of the Act's provisions concerning the payment of overtime wages as required by the Fair Labor Standards Act, and Plaintiffs and those similarly situated are entitled to recover double damages.

68. Defendants La Nopalera and Lorena Valencia willfully and intentionally refused to pay Plaintiffs Elvis H. Briceno and Sebastian Garzon overtime wages as required by the law of the United States and remain owing

Plaintiffs these overtime wages since the commencement of Plaintiffs' employment with Defendants as set forth above.

69. Plaintiffs seek to recover unpaid overtime wages accumulated from their date of hiring to their last day of employment.

70. Plaintiffs have retained the law offices of the undersigned attorney to represent them in this action and are obligated to pay reasonable attorneys' fees.

<u>Prayer For Relief</u>

Wherefore, Plaintiffs Elvis H. Briceno, Sebastian Garzon, and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiffs Elvis H. Briceno, Sebastian Garzon, and other similarly situated and against the Defendants La Nopalera and Lorena Valencia, based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiffs actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiffs an equal amount in double damages/liquidated damages; and

D. Award Plaintiffs reasonable attorneys' fees and costs of suit; and

E.  Grant such other and further relief as this Court deems equitable and just
and/or available pursuant to Federal Law.

### Jury Demand

Plaintiffs Elvis H. Briceno, Sebastian Garzon, and those similarly situated demand
trial by a jury of all issues triable as of right by jury.

### COUNT II:
### F.L.S.A. WAGE AND HOUR FEDERAL STATUTORY VIOLATION:
### FAILURE TO PAY MINIMUM WAGE; AGAINST ALL DEFENDANTS

71. Plaintiffs Elvis H. Briceno and Sebastian Garzon re-adopt every factual
allegation stated in paragraphs 1-46 of this Complaint as if set out in full
herein.

72. This action is brought by Plaintiffs Elvis H. Briceno, Sebastian Garzon, and
those similarly situated to recover from the Employers La Nopalera and
Lorena Valencia unpaid minimum wages, as well as an additional amount
as liquidated damages, costs, and reasonable attorney's fees under the
provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of
29 U.S.C. §206.

73. Defendant La Nopalera was and is engaged in interstate commerce as
defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A).
Defendant is a Mexican restaurant. Defendant had more than two
employees recurrently engaged in commerce or the production of goods for

commerce. Defendant uses the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources by using electronic devices to authorize credit card transactions. Upon information and belief, the annual gross revenue of the Employer/Defendant was always more than $500,000 per annum. Therefore, there is FLSA enterprise coverage.

74. Plaintiffs and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiffs and those similarly situated through their daily activities regularly participated in interstate commerce by handling credit card transactions. In addition, Plaintiffs regularly handled and worked on goods and materials produced for commerce and moved across State lines at any time during the business. Therefore, there is FLSA individual coverage.

75. U.S.C. §206 states, "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or the production of goods for commerce, or is employed in an enterprise engaged in commerce or the production of goods for commerce, wages at the following rates:

(1) except as otherwise provided in this section, not less than—

(A) $5.85 an hour, beginning on the 60th day after May 25, 2008;

(B) $6.55 an hour, beginning 12 months after that 60th day; and

(C) $7.25 an hour, beginning 24 months after that 60th day

76. Defendants La Nopalera and Lorena Valencia employed Plaintiffs Elvis H. Briceno and Sebastian Garzon as non-exempted, full-time, hourly waiters.

77. Defendants La Nopalera and Lorena Valencia employed Plaintiff Elvis H. Briceno as a non-exempted, full-time, hourly waiter from approximately September 23, 2020, through July 28, 2021, or 44 weeks.

78. Defendants La Nopalera and Lorena Valencia employed Plaintiff Sebastian Garzon as a non-exempted, full-time, hourly waiter, from approximately November 04, 2019, through August 10, 2021, or 92 weeks.

79. Plaintiffs had a regular schedule, and they worked 6 days per week.

80. Plaintiff Elvis H. Briceno worked for 44 weeks, an average of 74 hours weekly.

81. Plaintiff Sebastian Garzon worked 2 periods with 70 and 61 hours weekly.

82. Furthermore, every day Plaintiffs were required to perform at least 1 hour of non-tippable activities, which were non- incidental to their work as waiters. These hours should be compensated at the full minimum wage rate.

83. During their employment with Defendants, Plaintiffs were tipped employees earning $2.00 an hour plus tips. Plaintiffs were paid as wages $80.00 per week, corresponding to 40 regular hours. The remaining hours were not paid at any rate, not even the required minimum wage rate for tipped employees.

84. Plaintiffs were waiters, and they received customarily and regularly tips from customers. However, during their entire period of employment with Defendants, the business owner, Lorena Valencia, forced Plaintiffs and all other similarly situated individuals to contribute with 3.5% of their tips to cover the salary of a restaurant employee (the "Chipero").

85. Furthermore, Defendants never informed Plaintiff and other similarly situated individuals about the tip pooling provisions and did not comply with the requirements of the FLSA 3(m) tip credit.

86. As a result, Defendants did not establish a valid tip pooling agreement and are not entitled to the "tip credit" allowed by law. Thus, Defendants are obligated to pay Plaintiffs the full minimum wage for their entire period of employment.

87. Plaintiffs did not clock in and out, but Defendants could track the hours worked by Plaintiffs and other similarly situated individuals.

88. Therefore, Defendants willfully failed to pay Plaintiffs minimum wages for every hour that they worked, in violation of Section 6 (a) of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq., (29 U.S.C. 206(a)(1)).

89. Every week Plaintiffs were paid without any paystub or record showing the number of days and hours worked, job classification, wage rate, tips received, employment taxes withheld, etc.

90. The records, if any, concerning the number of hours worked by Plaintiffs Elvis H. Briceno, Sebastian Garzon and all other similarly situated employees and the compensation paid to such employees should be in the possession and custody of Defendants.  However, Defendants did not maintain accurate and complete time records of hours worked by Plaintiff and other employees in the asserted class upon information and belief.  Accordingly, Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

91. Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

92. Prior to the completion of discovery, and to the best of Plaintiffs' knowledge, at the time of the filing of this Complaint, Plaintiffs' good faith estimate of unpaid wages are as follows:

93.  **<u>A.-Minimum wage claim of Plaintiff Elvis H. Briceno</u>**

*Florida minimum wage is higher than federal minimum wage. As per FLSA regulations, the higher minimum wage applies.

   a. <u>Total amount of alleged unpaid wages</u>:

   Eleven Thousand Six Hundred Fifty-Tree Dollars and 60/100 ($11,653.60)

    b.  <u>Calculation of such wages</u>:

        Total weeks of employment: 44 weeks
        Relevant weeks of employment: 44 weeks
        Total number of hours worked:  74 hours weekly
        Regular rate paid: $2.00

          i.  Unpaid Minimum wage 2020 – 14 weeks
             Florida Min. wage 2020: $8.56
             $8.56-$2.00 rate paid= $6.56 Min. wage difference

      Diff. $6.56 x 40 horas=$262.40 weekly x 14 weeks=$3,673.60

          ii.  Unpaid Minimum wage  2021 – 30 weeks
             Florida Minimum wage 2021: $8.65
             $8.65-$2.00 rate paid= $6.65 Min. wage difference

      Diff. $6.65 x 40 horas=$266.00 weekly x 30 weeks=$7,980.00

      Total i, and ii: $11,653.60

    c.  <u>Nature of wages</u>:

      This amount represents unpaid minimum wages at Florida Minimum wage rate

94.       **<u>B.-Minimum wage claim of Plaintiff Sebastian Garzon</u>**

*Florida minimum wage is higher than federal minimum wage. As per FLSA regulations, the higher minimum wage applies.

    a.  <u>Total amount of alleged unpaid wages</u>:

      Twenty-Four Thousand Two Hundred Twenty-Two Dollars and 00/100 ($24,224.00)

    b.  <u>Calculation of such wages</u>:

      Total weeks of employment: 92 weeks

Relevant weeks of employment: 92 weeks
Total number of hours worked:  40 hours
Regular rate paid: $2.00

**1.- First Period, Minimum wages from November 04, 2019, to December 31, 2020, or 60 weeks**

    i.   Minimum wages 2019 – 8 weeks

Florida minimum wage $8.46 - $2.00 rate paid=$6.46 min. wage difference

Diff. $6.46 x 40 hours= $258.40 wkly. x 8 weeks=$2,067.20

    ii.   Minimum wages 2020 – 52 weeks

Florida minimum wage $8.56 - $2.00 rate paid=$6.56 min. wage difference

Diff. $6.56 x 40 hours=$262.40 wkly. x 52 weeks=$13,644.80

**2.- Second Period, Minimum wages from January 01, 2021, to August 10, 2021, or 32 weeks**

Florida minimum wage $8.65 - $2.00 rate paid=$6.65 min. wage diff.

Min. wage diff. $6.65 x 40 hours= $266.00 wkly. x 32 weeks=$8,512.00

Total Periods # 1, and # 2: $24,224.00

  c.  <u>Nature of wages:</u>

This amount represents unpaid minimum wages at Florida Minimum wage rate

95. Defendants knew and/or showed reckless disregard of the provisions of the

Act concerning the payment of minimum wages as required by the Fair

Labor Standards Act and remain owing Plaintiffs and those similarly-

situated these minimum wages since the commencement of Plaintiffs' employment with Defendants, and Plaintiff and those similarly situated are entitled to recover double damages.

96. At times mentioned, individual Defendant Lorena Valencia was the owner/partner, and she directed operations of La Nopalera. Defendant Lorena Valencia was the employer of Plaintiffs and others similarly situated individuals within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, this individual Defendant acted directly in the interests of La Nopalera concerning its employees, including Plaintiffs and others similarly situated. Defendant Lorena Valencia had financial and operational control of the business, provided Plaintiffs with their work schedule, and she is jointly and severally liable for Plaintiffs' damages.

97. Defendants La Nopalera and Lorena Valencia willfully and intentionally refused to pay Plaintiffs minimum wages, as required by the United States law, and remain owing Plaintiffs these minimum wages since the commencement of Plaintiff's employment with Defendants as set forth above.

98. Plaintiffs Elvis H. Briceno and Sebastian Garzon have retained the law offices of the undersigned attorney to represent them in this action and are obligated to pay a reasonable attorneys' fee.

## Prayer For Relief

Wherefore, Plaintiffs Elvis H. Briceno, Sebastian Garzon and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiffs Elvis H. Briceno and Sebastian Garzon and against the Defendants La Nopalera and Lorena Valencia based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B.  Award Plaintiffs actual damages in the amount shown to be due for unpaid minimum wages, with interest; and

C. Award Plaintiffs an equal amount in double damages/liquidated damages; and

D. Award Plaintiffs reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## Jury Demand

Plaintiffs Elvis H. Briceno and Sebastian Garzon and those similarly situated demand trial by a jury of all issues triable as of right by a jury.

**COUNT III:**
**FEDERAL STATUTORY VIOLATION PURSUANT TO 29 U.S.C. 215 (a)(3);**
**RETALIATORY DISCHARGE OF PLAINTIFF SEBASTIAN GARZON;**
**AGAINST ALL DEFENDANTS**

99. Plaintiff Sebastian Garzon re-adopts every factual allegation as stated in paragraphs 1-46 of this Complaint as if set out in full herein.

100.    Defendant La Nopalera was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is a Mexican restaurant. Defendant had more than two employees recurrently engaged in commerce or the production of goods for commerce. Defendant uses the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources by using electronic devices to authorize credit card transactions. Upon information and belief, the annual gross revenue of the Employer/Defendant was always more than $500,000 per annum. Therefore, there is FLSA enterprise coverage.

101.    Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiff and those similarly situated through their daily activities regularly participated in interstate commerce by handling credit card transactions. In addition, Plaintiff regularly handled and worked on goods and materials produced for commerce and moved across State lines at any time during the business. Therefore, there is FLSA individual coverage.

102.     Because of the foregoing, Defendants' business activities involve those to which the Fair Labor Standards Act applies.

103.     29 U.S.C. § 206 (a) (1) states "….an employer must pay a minimum wage of $5.15/hr to an employee who is engaged in commerce...." [29 U.S.C. § 206 (a) (1)].

104.     29 U.S.C. § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any workweek, the employer must compensate the employee for hours over forty at the rate of at least one and one-half times the employee's regular rate…"

105.     Likewise, 29 U.S.C. 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......"

106.     Defendants La Nopalera and Lorena Valencia employed Plaintiff Sebastian Garzon as a non-exempted, full-time, hourly waiter, from approximately November 04, 2019, through August 10, 2021, or 92 weeks.

107.     During the relevant time of employment, Plaintiff was a tipped waiter.  Plaintiff worked two periods with two different number of hours.

108. During his employment with Defendants, Plaintiff was a tipped employee earning $2.00 an hour plus tips. Plaintiff was paid $80.00 per week, corresponding to 40 regular hours. The remaining hours were not paid to him at any rate, not even the required minimum wage rate for tipped employees.

109. Plaintiff worked 6 days per week, 70 and 61 hours weekly.  However, he did not receive any compensation for overtime hours.

110. Plaintiff worked for Defendants as follows:

111. 1.- First Period from approx. November 04, 2019, to approx. December 31, 2020, or 60 weeks. - Plaintiff worked 6 days per week, a total of 70 hours.

112. Plaintiff was paid $2.00 an hour, or $80.00 as cash wage weekly payment plus an average of $800.00 in tips.

113. In addition, in this period Plaintiff worked 2 Sundays per month, or a total of 30 Sundays per month, a minimum of 2 hours each day, or a total of 30 Sundays with 60 working hours performing non-tippable deep kitchen cleaning.  Plaintiff did not receive any compensation for this work.  Also, every day Plaintiff was required to perform at least 1 hour of non-tippable activities, which were non-incidental to his work as a waiter, and that should be compensated at the full minimum wage rate.

114.     <u>2.- Second Period from approx. January 01, 2021, to approx. August 10, 2021, or 32 weeks. -</u> Plaintiff worked 6 days per week a total of 61 hours.

115.     Plaintiff did not take bonafide lunchtime. Plaintiff was paid $80.00 weekly as cash wage payment plus an average of $800.00 in tips.

116.     In this period Plaintiff continued working 2 Sundays per month a minimum of 2 hours each Sunday, or a total of 14 Sundays with 28 working hours performing non-tippable deep kitchen cleaning. Plaintiff did not receive any compensation for this work. Also, every day Plaintiff was required to perform at least 1 hour of non-tippable activities which were non- incidental to his work as a waiter. These hours should be compensated at the full minimum wage rate.

117.     Thus, during his employment with Defendants, Plaintiff was not paid the minimum wage rate for tipped employees, and he was not paid for overtime hours at any rate, not even at the minimum wage rate for tipped employees.

118.     Plaintiff was paid for just 40 hours weekly strictly in cash, without any paystub or record showing days and hours worked, job classification, employment taxes withheld, etc.

119.     Plaintiff was a waiter, and he received customarily and regularly tips. However, the business owner, Lorena Valencia, did not inform Plaintiff and

other similarly situated employees about the requirements of a valid tip pooling agreement and deducted from Plaintiff's tips, 3.5% to cover the salary of one employee ("chipero") who did not receive tips. As a result, Defendants unlawfully collected and retained tips made by the tipped employees, including Plaintiff.

120.   Defendants did not establish a valid tip pooling agreement and wrongfully retained Plaintiff's tips. Thus, Plaintiff is entitled to receive the full minimum wage, and to be reimbursed the amount of tips unlawfully retained by Defendants.

121.   Consequently, during his entire period of employment, Plaintiff worked more than 40 hours weekly, but Defendants did not compensate him, minimum wages, and overtime hours adequately.

122.   Plaintiff did not clock in and out, but he filled out a timesheet and the Defendants could track the hours worked by Plaintiff and other similarly situated individuals.

123.   Therefore, Defendants willfully failed to pay Plaintiff minimum wages and overtime hours at the rate of time and one-half his regular rate for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1). and 29 U.S.C. § 201 et seq.

124.    Every week Plaintiff was paid without any paystub or record showing the number of days and hours worked, job classification, wage rate, tips received, employment taxes withheld, etc.

125.    Plaintiff was not in agreement with the retention of tips and lack of payment for regular and overtime hours, and he complained to the owner of the business Lorena Valencia multiple times. Lorena Valencia always answered: "We do not pay overtime here".

126.    Plaintiff complained and demanded to be paid minimum wages and overtime on or about July 20, 2021, and on or about June 22, 2021.

127.    These complaints constituted protected activity under 29 U.S.C. 215(a)(3).

128.    Plaintiff complained to Lorena Valencia about missing payment for regular and overtime hours for the last time on or about August 09, 2021.

129.    As a result of Plaintiff's complaints, on or about August 10, 2021, Defendants unfairly fired Plaintiff.

130.    At all times during his employment, Plaintiff performed his work satisfactorily. There was no reason other than a retaliatory action to terminate Plaintiff's employment with Defendants.

131.    The termination of Plaintiff Sebastian Garzon by the Defendants was directly and proximately caused by unjustified retaliation against Plaintiff

because he complained about unlawful retention of tips, missing minimum wages, and missing payment for overtime hours, in violation of the FLSA.

132.    Moreover, Plaintiff's termination came just in temporal proximity immediately after Plaintiff participated in protected activity.

133.    At times mentioned, individual Defendant Lorena Valencia was the owner/partner, and she directed operations of La Nopalera. Defendant Lorena Valencia was the employer of Plaintiff and others similarly situated individuals within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, this individual Defendant acted directly in the interests of La Nopalera concerning its employees, including Plaintiff and others similarly situated. Defendant Lorena Valencia had financial and operational control of the business, provided Plaintiff with his work schedule, and she is jointly and severally liable for Plaintiff's damages.

134.    Defendants La Nopalera and Lorena Valencia willfully and maliciously retaliated against Plaintiff Sebastian Garzon by engaging in a retaliatory action that was materially adverse to a reasonable employee, and with the purpose to dissuade Plaintiff from exercising his rights under 29 U.S.C. 215(a)(3).

135.    The motivating factor which caused Plaintiff Sebastian Garzon to be fired from the business, as described above was his complaints about the

Defendants' unlawful retention of tips, missing minimum wages, and missing payment for overtime hours.  In other words, Plaintiff would not have been fired, but for his complaints about tips, regular, and overtime wages.

136.     Defendants' adverse actions against Plaintiff Sebastian Garzon were in direct violation of 29 U.S.C. 215 (a) (3) and, as a direct result, Plaintiff has been damaged.

137.     Plaintiff Sebastian Garzon has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay reasonable attorney's fees and costs.

<u>Prayer For Relief</u>

Wherefore, Plaintiff Sebastian Garzon respectfully requests that this Honorable Court:

A. Enter judgment declaring that the firing of Plaintiff Sebastian Garzon by Defendants La Nopalera and Lorena Valencia, was an unlawful act of retaliation in violation of 29 U.S.C. 215 (a) (3).

B. Enter judgment against Defendants La Nopalera and Lorena Valencia, awarding Plaintiff Sebastian Garzon liquidated damages in an amount equal to the amount awarded as consequential damages;

C. For all back wages from the date of discharge to the present date and an

equal amount of back wages as liquidated damages

D.  Enter judgment awarding Plaintiff reasonable Attorney's fees and costs of this suit; and

E.  Grant such other and further relief as this Court deems necessary and proper.

<u>Jury Demand</u>

Plaintiff Sebastian Garzon demands trial by a jury of all issues triable right by a jury.

Dated:  October 20, 2021,

Respectfully submitted,

By: **_/s/ Zandro E. Palma____**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone:    (305) 446-1500
Facsimile:    (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiffs*