UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ELVIS H. BRISENO, SEBASTIAN GARZON,
and other similarly situated individuals,

        Plaintiffs,

v.                                   Case No. 3:21-CV-01059-TJC-LLL

LA NOPALERA BEACH BLVD., INC., A/K/A/
LA NOPALERA MEXICAN RESTAURANT and
LORENA VALENCIA, individually

        Defendants.
_____/

**JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT AND
DISMISS ACTION WITH PREJUDICE**

    Comes now Plaintiffs, Elvis H. Briseno and Sebastian Garzon ("Plaintiffs"), and Defendants, La Nopalera Beach Blvd.., Inc. d/b/a La Nopalera Mexican Restaurant and Lorena Valencia, Individually (collectively "Defendants"), by and through their undersigned counsel, hereby file this Joint Motion to Approve Settlement Agreement and Dismiss Action with Prejudice, and state as follows:

    1. Plaintiffs filed a Complaint [Dkt. 1] on October 20, 2021 alleging a violation of the Fair Labor Standards Act ("FLSA") that they were owed wages in the form of unpaid minimum wage and unpaid overtime compensation. Plaintiff Garzon also alleged a violation of the non-retaliation provision of the FLSA.

1

2. On December 2, 2021Defendants timely filed their Answer and Affirmative Defenses (Dkt. 6) denying all material allegations asserted by Plaintiffs and denying that Plaintiffs were entitled to any back wages for alleged hours worked and asserting that Garzon was terminated for legitimate non retaliatory reasons.

3. Pursuant to this Court's FLSA Scheduling Order [Dkt. 4] the parties exchanged significant, voluminous discovery, including but not limited to Plaintiffs' payroll records and timekeeping records. The payroll and time records reflected that Plaintiffs were paid more than they asserted and that they worked less hours than they claimed but more hours than Defendants claimed.

4. The parties had until May 18, 2022 [Dkt. 20 and 21] in which to conduct the settlement discussions required in the FLSA Scheduling Order [Dkt. 4]. On May 16, 2022, the Parties engaged in a settlement conference as required by the FLSA Scheduling Order and those discussions continued through May 18, 2022 when a settlement was reached. During these discussions various defenses and counterclaims were raised by Defendants disputing and reducing the value of Plaintiffs' claims.  Plaintiffs provided their responses disputing Defendants' counterclaims and disputing Defendants' defenses and supporting their claims.

5. Each party was independently represented by counsel. Plaintiffs were represented by Zandro E. Palma of Law Offices of Zandro E. Palma, P.A. and Defendants were represented by Joann M. Bricker of Joann M. Bricker P.A.. All

counsel involved have significant experience in litigating claims under the Fair Labor Standards Act, including claims for unpaid minimum wage and overtime compensation. Each counsel was obligated to and did vigorously represent their client's rights. *See Helms v. Central Fla. Reg. Hosp.*, 2006 U.S. Dist. LEXIS 92994, *11-12 (M.D. Fla. Dec. 21, 2006).

    6. Recognizing the cost of protracted litigation and the uncertainty regarding the ultimate outcome of the case relating to both Plaintiffs' claims and Defendants' potential counterclaims, the parties ultimately signed the Settlement Agreements (attached hereto as Exhibits A - Briseno and Exhibit B - Garzon). All parties consider the Settlement Agreements to be fair and equitable, while at the same time reducing imposition on the Court's limited judicial resources. Although this matter includes a reference to "other similarly situated individuals", counsel for Plaintiffs represents that no additional individuals seek to opt into this lawsuit.

    7. Pursuant to *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982), wage claims arising under the FLSA may be settled or compromised only with the approval of the Court or the United States Secretary of Labor. Accordingly, the parties respectfully request that the Court approve the settlement as a fair and reasonable resolution of disputed claims. The Settlement Agreements are fair and reasonable because of the expense and likely duration of the litigation, the risks of trial and potential liability regarding Plaintiffs' claims and Defendants'

potential counterclaims. Further, resolution will allow the parties to avoid additional attorneys' fees and costs in the instant case.

8. Counsel for the Parties note that in conjunction with the settlement of Plaintiffs' FLSA claims, there are potential counterclaims that could be raised by Defendants against the Plaintiffs. All parties wishing to resolve Defendants' potential counterclaims against Plaintiffs and wishing to resolve any other claims that Plaintiffs may have against Defendants, the parties have each entered into separate Confidential Settlement Agreement, Waiver and Release of All Claims. This separate agreement contains a general mutual release of claims, confidentiality provision, non-disparagement agreement and other terms in exchange for separate monetary consideration to be paid by Defendants.

9. Although courts typically disfavor general release clauses in FLSA settlement agreements, numerous courts have approved non-cash concessions such as confidentiality provisions and general release clauses in FLSA settlement agreements if they have been negotiated for separate consideration. See, e.g., *Rivera v. CO2Meter,* No. 6:17-cv156-Orl28-GJK, 2018 WL 3213329, at*3-5 (M.D. Fla. June 14, 2018); *Scherr v. Cooper Restaurants, Inc.,* No. CV 17-00338-CG-N, 2018 WL 2978046, at *2-3 (S.D. Ala. May 7, 2018)(unpublished) (approving settlement agreement with confidentiality provision and general release because plaintiff received additional consideration); *Weldon v. Blackwoods Steakhouse, Inc.,*

No.6:14-cv-79-Orl-37TBS, 2014 WL 4385593, at *1 (M.D. Fla. Sept. 4, 2014)(unpublished) (approving settlement agreement under which plaintiff received full compensation and $100.00 in additional consideration for general release and non-disparagement provisions); *Smith v. Aramark Corp.,* No. 6:14-cv-409-Orl-22KRS, 2014 WL 5690488, at *4 (M.D. Fla. Nov. 4, 2014) (unpublished) (approving settlement agreement under which plaintiff received full compensation and additional consideration for general release, confidentiality, and non-disparagement agreement); *Caamal v. Shelter Mortg. Co., LLC.,*6:13-cv-706-Orl-36KRS, 2013 WL 5421955, at *2, 4 (M.D. Fla. Sept. 26, 2013)(unpublished) (approving settlement agreement under which plaintiff received full compensation and an additional $500.00 for release, non-disparagement agreement, and waiver of future employment).

    10. In the present matter, under the agreements the Plaintiffs each receive their wages owed, and are provided separate, additional compensation for their general release and confidentiality provisions.

    11. The last element the Court should evaluate in determining fairness of the settlement is the reasonableness of the proposed attorney's fees. See *Helms, 2006 U.S. Dist. LEXIS at *6-7* . Provided "the plaintiff's attorneys' fee is agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that

5

the plaintiff's recovery was adversely affected by the amount of the fees paid to her attorney, the Court [should] approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel." *Bonetti v. Embarq Management Company,* 715 F.Supp.2d 1222, 1228 (M.D. Fla.2009).

12. The Parties stipulate and agree that the attorneys' fees and costs paid as part of the settlement are fair and reasonable, and were separately agreed upon without regard to the amounts paid to the Plaintiff. *Bonetti v. Embarq Management Company* , 715 F.Supp.2d 1222, 1228 (M.D. Fla. 2009).

13. The attached Settlement Agreements entered into by the parties to resolve the unpaid wage claims is contingent upon approval by the Court pursuant to *Lynn's Food Stores, Inc* ., 679 F.2d 1350. Thus, the Parties respectfully request that the Court approve the settlement of this litigation, issue an Order dismissing this action with prejudice and reserving jurisdiction to enforce the terms of the Settlement Agreement.

WHEREFORE, the parties respectfully request that the Court enter an Order: (1) approving the terms of the attached Settlement Agreements; (2) dismissing this action with prejudice; (3) reserving jurisdiction to enforce the terms of the Settlement Agreement and (4) grant such other relief as this Court deems just and proper.

Respectfully submitted this 26th day of May, 2022.

By: _/s/ *Zandro E. Palma*_____
Zandro E. Palma, Esq.
Florida Bar No.: 0024031

**ZANDRO E. PALMA, P.A.**
9100 S. Dadeland Blvd, Suite 1500,
Miami, Florida, 33156
Telephone:   (305) 446-1500
Facsimile:    (305) 446-1502
zep@thepalmalawgroup.com

Counsel for Plaintiffs

By: */s/ Joann M. Bricker*
Joann M. Bricker, Esq.
Florida Bar No.: 338710

JOANN M. BRICKER, P.A.
12586 Brookchase Lane
Jacksonville, Florida 32225
Telephone (904-342-2417)
Jbricker-employlaw@comcast.net

Counsel for Defendants