United States District Court
Middle District of Florida
Jacksonville Division

**ELVIS H. BRISENO AND
SEBASTIAN GARZON, AND OTHER
SIMILARLY SITUATED INDIVIDUALS,**

    Plaintiffs,

v.                                          No. 3:21-cv-1059-TJC-LLL

**LA NOPALERA BEACH BLVD.,
INC. AND LORENA VALENCIA,
INDIVIDUALLY,**

    Defendants.

---

### Order Requiring Supplemental Briefing and General Release

Before the Court is the parties' Joint Motion to Approve Settlement Agreement and Dismiss Action with Prejudice, doc. 22, in which the parties request approval of their proposed settlement agreement under the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201, *et seq*. This matter was referred to me for the issuance of a report and recommendation as to whether the proposed settlement satisfies the FLSA's requirements. Doc. 23.

In the motion, it appears that each plaintiff has executed two settlement agreements: 1) the "Confidential Settlement Agreement, Waiver and Release," docs. 22-1 and 22-2; and 2) a "separate Confidential Settlement Agreement, Waiver and Release of All Claims," containing a general mutual release, confidentiality provision, non-disparagement clause, and other terms in exchange for separate monetary

consideration. Doc. 22 at 4. If this is the case, the parties did not provide the second agreement to the Court for review. The Court finds this information necessary to effectively review the proposed settlement agreement. *See Mirles v. Golden Saj, LLC*, Case No. 6:20-cv-1144-CEM-DCI, 2021 WL 2954286, at *7 (M.D. Fla. Mar. 26, 2021) (explaining the court must consider a separate general release in a proposed FLSA settlement to effectively carry out its duty under *Lynn's Food* and its progeny).

The parties also indicate in their joint motion that, "under the agreements the [p]laintiffs each receive their wages owed, and are provided separate, additional compensation for their general release and confidentiality provisions." Doc. 22 at 5. In the proposed settlements attached to the joint motion, plaintiff Briseno would receive the following: $4,250.00 in back wages; $4,250.00 in liquidated damages; and $4,500.00 in attorney's fees and costs. Doc. 22-1 at 2. However, in his answers to the Court's interrogatories, doc. 13, Briseno claimed he is entitled to a total of $26,487.12 in unliquidated damages and a total of $52,974.24, including liquidated damages. *Id*. at 4. Plaintiff Garzon is set to receive the following in the proposed settlement: $8,000.00 in back wages; $8,000.00 in liquidated damages; and $4,500.00 in attorney's fees and costs. Doc. 22-2 at 2. However, in his answers to the Court's interrogatories, Garzon claimed he is entitled to $54,010.96 in unliquidated damages. Doc. 14 at 6.

After review, the Court requires additional information from the parties regarding 1) the reason for the substantial discrepancy between what plaintiffs claim they are owed in their answers to the Court's interrogatories, docs. 13, 14, and what they are to receive in the proposed settlements, docs. 22-1, 22-2; and 2) what part of

the amount plaintiffs are to receive in the proposed settlements, *see id.*, constitutes compensation for back wages and what part constitutes the "separate, additional compensation" in exchange for the plaintiffs' agreement to broad general releases and confidentiality clauses. *See* doc. 22 at 5.

It is **ordered:**

1) If each plaintiff executed two separate agreements, *see* doc. 22 at 4, the parties shall provide a copy of both settlement agreements to the Court **on or before July 5, 2022**. If each plaintiff only entered into one agreement each, the parties shall clarify in the supplemental briefing ordered below.

2) The parties shall file **joint supplemental briefing on or before July 5, 2022**, of **no more than five pages**, explaining: 1) the rationale for the discrepancy between what plaintiffs claim they are owed in their answers to the court's interrogatories, docs. 13, 14, and what they are to receive in the proposed settlement agreements, docs. 22-1 at 2; 22-2 at 2; and 2) what part of the compensation in the proposed settlement agreements constitutes the separate consideration in exchange for plaintiffs' agreement to the general releases and confidentiality provisions.

**Ordered** in Jacksonville, Florida on June 14, 2022.

LAURA LOTHMAN LAMBERT
United States Magistrate Judge

c:
Zandro E. Palma, Esquire
Joann M. Bricker, Esquire